PERMANENT WRIT OF SUPERINTENDING CONTROL

This case concerns a petition for writ of superintending control against the Window Rock District Court challenging the district court’s authority to enjoin the Navajo Election Administration (NEA) from holding the April 21, 2015 special election as previously ordered by this Court. The Court issues a permanent writ of superintending control. We are dealing with a matter of intense public interest and therefore need to thoroughly explain our deci *303 sion so as to avoid further disruption of government operations.
I
On April 13, 2015 Norman Begay, Harry Brown, Wallace Charley, and Ruth H. Watson identifying themselves as “former members” of the Navajo Board of Election Supervisors and “individual Navajo voters” filed a petition to enjoin the April 21, 2015 special election. The fact is these individuals were previously removed from their positions as Election Supervisors on October 31, 2014 for having violated the Navajo Election Code. Tsosie and Whitethorne v. Nav. Bd. of Election Supervisors, No. SC-CV-68-14 (Nav.Sup.Ct. October 31, 2014) (removed after being held in contempt of court for refusing to comply with mandates of the Election Code). Now claiming to appear as Navajo voters (as if disinterested in this election dispute), these removed Election Supervisors now seek an injunction against the NEA in the Window Rock District Court to prohibit the April 21, 2015 special election, as previously ordered by this Court on March 20, 2015. See Real Party in Interest’s Petition for a Permanent Injunctive Order, April 13, 2015.
On April 14, 2015 the Window Rock District Court denied the motion for a temporary restraining order because the “the relief sought was inconsistent with the Navajo Nation Supreme Court’s [March 20, 2015] ruling” in Tsosie and Whitethorne v. Navajo Board of Election Supervisors, SC-CV-68-14, See Amended Order Granting Petitioners’ Petition for Permanent Injunctive Relief (hereinafter “Injunction Order”), Former Members of the Navajo Nation Bd. of Election Supervisors and as Navajo Voters v. Nav. Election Admin., No. WR-CV-70-15 (W.R.Dist.Ct. April 17, 2015). The district court then held a hearing on the petition for permanent injunction later that same day on the premise that it must “act swiftly” although it did not issue its decision to “stay” the April 21, 2015 election until 4:48 pm, Friday, April 17, 2015, affording the NEA only one business day to react before the special election.
On April 20, 2015, the NEA filed a Petition for Writ of Superintending Control requesting for an expedited decision to determine whether it must comply with the district court’s order. With the election set for April 21, 2015 and the district court having issued an injunction order, the NEA has no plain, speedy, adequate remedy at law. Under the Court’s supervisory authority, we have jurisdiction under 7 N.N.C. § 303(B) to prevent or remedy any action of any court which is beyond such court’s jurisdiction. We therefore issued an Alternative Writ that same day setting the matter for an immediate hearing. Petitioner, Respondent and RPI appeared through their attorneys. Thereafter, the Court verbally announced its decision to issue a permanent writ of superintending control against the Window Rock District Court. This detailed decision now follows.
II
Under Rule 27 of the Navajo Rules of Civil Appellate Procedure, this Court addresses election matters like this one with priority.
While the issue of subject matter jurisdiction was in dispute before the district court we find the district court’s conduct to disregard the lawful orders of the Court so egregious that a writ of superintending control may be properly issued with the assumption that the lower court has jurisdiction to review an injunction against the NEA under 7 N.N.C. § 253(A)(3). But, principally because of the vague, confusing, rationale for asserting jurisdiction we *304 need not try to decipher the judge’s jurisdictional decision. Instead, under the unique circumstances of this case, we find it necessary to discuss reasons why the district court has no authority to “stay” a final judgment(s) of the Supreme Court. This is more a matter of whether the district court has the authority to grant the relief RPI is requesting. We find that it does not.
First, the district court failed to address how these four individuals, who previously appeared before this Court as Election Supervisors can now appear in the district court as “former members of the Board of Election Supervisors and as Navajo Voters” to re-litigate this Court’s final judgment and enforcement orders. The district court argued that it was permissible to “stay” the April 21, 2015 election since the Court did not specifically address Resolution CMA-06-15 in its March 20, 2015 order.[1] The district court, however, utterly failed to acknowledge that this Court addressed the codified fluency requirement and declared modifications during the pendency of an ongoing election are unlawful. There also remains the March 20, 2015 judgment of this Court that the NEA “give the election priority over all other matters, including the referendum election,” an order that the district court is without authority to disregard. Order, Tsosie and Whitethome v. Navajo Board of Election Supervisors, SC-CV-68-14, slip op. at 4 (Nav.Sup.Ct. March 20, 2015). RPI is therefore precluded from bringing this new lawsuit. Under Diñé concept of finality, it is the responsibility of the district court to honor that judgment. Aná-hóót’i’ígíí éí baa hwiiníst’\\d dóó bee nt’ee-táalgo bee nihoot’% (iko, ákót’nhgo éí doo t’q4’ náochíida. The district court egregiously abused its discretion in essentially reviewing the decisions of this Court and substituting its judgments for that of this Court.
The district court’s injunction order stated that a hearing was held on April 14, 2015 and “[t]he [District] Court orders that the findings of fact herein shall be used for purposes in finding a Permanent Injunction pursuant to Nav. R. Civ. P. Rule 65(d).” Injunction Order at 4. Rule 65 of the Navajo Rules of Civil Procedure mandates “sufficient evidence” for findings that all elements warranting an injunction are met. Here, the district court’s “findings of facts” inartfully relied only on the personal assertions and “feelings” of RPI to justify a permanent injunction. See Injunction Order, at 5-6.
For example, RPI must demonstrate that irreparable injury, loss, or damage to a protectable right is likely to occur unless a permanent injunction is issued. Nav. R. Civ, Pro 65(c)(2). See also Navajo Nation v. RJN, 10 Am. Tribal Law 265, 276-77 (Nav.Sup.Ct.2012). Here the district court found that RPI does not seek to add another candidate, does not challenge the disqualification of any candidate, nor do they seek to include a “write in” candidate. Assuming RPI is truthful in those statements, it would, therefore, make no difference whether they voted before or after the referendum. Yet, the district court made the sweeping conclusion that the referendum must take place before the special election as it “will be used as a measure to guide [Mrs. Watson] when she *305 votes.” Not only is the district court’s reasoning illogical, we find RPI failed to prove irreparable harm as required by Nav. R. Civ. Pro. 65(c).
This Court concludes that the use of such disputed personal assertions and nonsensical reasoning is not sufficient evidence to support an injunction under Navajo law. It is unlawful for the district court to allow RPI (previously removed Election Supervisors) to circumvent, once again, the mandates of the Election Code and enforcement orders of this Court. The district court egregiously abused its discretion in granting a permanent injunction against the NEA to halt a court-ordered election.
A district court sitting in equity over an injunction matter has neither the need nor the authority to exceed its scope of review, only to grant the equitable relief asked for (an injunction) when the elements of Rule 65(c) are fulfilled. See Navajo Nation v. RJN, 10 Am. Tribal Law 265, 275 (Nav. Sup. Ct.2012). Here, the district court stated at the hearing that it accepted the petition for injunction as a request to determine the validity of Resolution CMA-06-15. In doing so, the district court considered only Res. CMA-06-15 and concluded that the referendum election must be held before the special election to determine the fluency qualification. The district court totally disregarded mandates of the 1990 Election Code that established qualifications, particularly 11 N.N.C. § 8(A)(4) that is at the center of the referendum, and the mandate that a presidential election must be held every four years on a given date, 11 N.N.C. § 3. Embedded in the Election Code is the right of all Navajos: the right to due process of law. In casting aside existing, codified law the district court failed to carry out its quintessential duty to uphold and apply Navajo law including laws established by this Court through its judicial decisions, specifically our determination that the special election is to occur with priority over the referendum election. See Order (Nav.Sup. Ct. March 20, 2015). Instead, the district court inappropriately advanced its own judicial decision that the referendum election must be held before the special election, see Injunction Order at 8, a matter specifically adjudicated by this Court as stated above. The district court erroneously exceeded its scope of review.
We already stated the Navajo People are entitled to an election at the expense of their government and without delays. Opinion Granting Clarification, Tsosie v. Navajo Bd. of Election Supervisors, No. SC-CV-68-14, 12 Am. Tribal Law 298, 299, 2015 WL 2129591, *1 (Nav. Sup.Ct. April 13, 2015) (citing our Order of March 20, 2015). The Acting Controller through the Attorney General informed this Court that funds have been transferred to the NEA to conduct the April 21st special election. The two candidates who have a right to be placed on the general election ballot have been actively campaigning. Ballots for absentee voting and early voting were printed and are currently being used. The right to vote recognized in the four individual voters is bestowed in all registered voters, including 41,903[2] Navajo voters who voted in the August 26, 2014 primary election for a qualified candidate of their choice. Unless the special election is held, all registered Navajo voters will be denied the right to a lawful election.
*306 III
The Window Rock District Court had and has absolutely no authority to stay execution of this Court’s order.
The Court hereby enters a permanent writ of superintending control against the Window Rock District Court for having egregiously abused its discretion.
The Window Rock District Court’s April 17, 2015 Order Granting Petitioners’ Petition for Permanent Injunctive Relief is hereby declared NULL and VOID.

. While the district court determined that Res, CMA-06-15 requires a referendum to take place before the special election; that is not what the resolution says. It states “[tjhis appropriation shall be first used to have the Navajo voters vote on the referendum question to modify 11 N.N.C. § 8 (A.)(4.) ...” (emphasis added). Further, if the district court had fully considered the orders that are being enforced it would have noticed that the Court did not order the use of this particular appropriation to fund the special election.

. Presidential Summary, Official Election Results, 2014 Primary Election, August 26, 2014, Navajo Nation Election Administration, http://www.navajoelections.navajo-nsn.gov/ pdfs/Election/2014ElectionResults/Primary/ Official/2014% 20Primary% 20Official% 20Res utts% 20-% 20Presidential% 20Suinmary.pdf.